IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 3, 2020

**STATE OF TENNESSEE v. ROY ROGERS, JR.**

**Appeal from the Circuit Court for Gibson County**
**No. 9449    Clayburn Peeples, Judge**

_____

**No. W2019-00977-CCA-R3-CD**

_____

For the third time in this Court, Defendant, Roy Rogers, Jr., challenges his convictions for initiating the manufacturer of methamphetamine, promoting the manufacture of methamphetamine, possession of drug paraphernalia, and criminal impersonation, for which he received a total effective sentence of twelve years. *See State v. Roy Rogers, Jr.*, No. W2015-00988-CCA-R3-CD, 2016 WL 1045352, at *1-2 (Tenn. Crim. App. Mar. 15, 2016) ("*Rogers I*"), *no perm. app. filed*; *Roy Rogers, Jr. v. State*, No. W2017-01939-CCA-R3-PC, 2018 WL 6075655, at *1 (Tenn. Crim. App. Nov. 20, 2018) ("*Rogers II*"), *no perm. app. filed*. Defendant appeals after the post-conviction court denied his motion for new trial after remand. Because the post-conviction court failed to follow the directive of this Court on remand after *Rogers II*, we reverse the judgment of that court and remand the case with the same instructions given by this Court in *Rogers II*, for the post-conviction court to: (1) conduct an evidentiary hearing on Defendant's post-conviction petition; (2) determine whether Defendant is entitled to a delayed appeal; and (3) if the post-conviction court holds the hearing and determines Defendant is entitled to a delayed appeal, enter an order that (a) allows Defendant to file a new motion for new trial, and (b) stays the post-conviction proceedings on Defendant's remaining claims until the resolution of the delayed appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and J. ROSS DYER, JJ., joined.

Jeffrey J. Mueller, Trenton, Tennessee, for the appellant, Roy Thomas Rogers.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Gary Brown, District Attorney General; and Jason Scott, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In 2013, Defendant was arrested after two agents of the West Tennessee Drug Task Force followed up on information that Defendant was manufacturing methamphetamine at a residence in Humboldt. *Rogers I*, 2016 WL 1045352, at *1. After a jury trial, Defendant was convicted of initiating the manufacturer of methamphetamine, promoting the manufacture of methamphetamine, possession of drug paraphernalia, and criminal impersonation, for which he received a total effective sentence of twelve years. *Id.* at *2. The judgments of conviction were entered on March 18, 2015. *Id.* Defendant filed a motion for new trial on April 21, 2015, several days after the expiration of the thirty-day time period for filling such a motion. *See* Tenn. R. Crim. P. 33. The motion for new trial challenged the admissibility of evidence at trial, the trial court's failure to suppress certain evidence at trial, the sufficiency of the evidence, and the trial court's failure to act as thirteenth juror. On May 20, 2015, the trial court denied the motion for new trial by written order. Defendant filed a notice of appeal on May 27, 2015. On direct appeal to this Court, we noted that both Defendant's motion for new trial and notice of appeal were untimely and that he "offered no excuse for either delay and has not sought a waiver from this [C]ourt for his untimely notice of appeal," remaining silent even after the State pointed out the deficiency. *Rogers I*, 2016 WL 1045352, at *2. As a result, this Court dismissed the appeal. *Id.* at *3.

On October 27, 2016, Defendant sought post-conviction relief, arguing that trial counsel was ineffective for failing to file a timely motion for new trial and notice of appeal and for failing to challenge the admissibility of illegal evidence at trial. *Rogers II*, 2018 WL 6075655, at *1. About a year after the petition was filed, the post-conviction court held a "non-evidentiary hearing" that consisted of argument from counsel but no proof. *Id.* at *2. On September 11, 2017, the post-conviction court entered a written order granting Defendant a delayed appeal and giving Defendant "30 days from the entry of th[e] order to file a notice of appeal with the Tennessee Court of Criminal Appeals based on the Motion for New Trial previously filed in this cause." *Id.* at *2. Defendant filed a timely notice of appeal. *Id.*

- 2 -

On appeal, this Court acknowledged the issues raised in the petition for post-conviction relief and noted that the post-conviction court "*never conducted an evidentiary hearing on the issues raised in the post-conviction petition*" (emphasis added) as required by Tennessee Code Annotated section 40-30-109(a) and Tennessee Supreme Court Rule 28, section 8(B). *Rogers II*, 2018 WL 6075655, at *3. Moreover, the post-conviction court failed to stay the post-conviction proceedings on Defendant's remaining claim, whether trial counsel was ineffective in failing to challenge the admission of illegal evidence at trial, pending the final disposition of the delayed appeal. *Id.* Finally, by limiting Defendant to the issues as presented in his original motion for new trial, this Court found that the post-conviction court deprived Defendant the opportunity to file a proper motion for new trial. *Id.* As this Court explained, a post-conviction court must follow the procedures outlined in Tennessee Code Annotated section 40-30-113 when granting a delayed appeal:

(a) When the trial judge *conducting a hearing pursuant to this part* (emphasis not in original) finds that the petitioner was denied the right to an appeal from the original conviction in violation of the Constitution of the United States or the Constitution of Tennessee and that there is an adequate record of the original trial proceeding available for a review, the judge can:

(1) If a transcript was filed, grant a delayed appeal;

(2) If, in the original proceedings, a motion for a new trial was filed and overruled but no transcript was filed, authorize the filing of the transcript in the convicting court; or

(3) If no motion for a new trial was filed in the original proceeding, authorize a motion to be made before the original trial court within thirty (30) days. The motion shall be disposed of by the original trial court as if the motion had been filed under authority of Rule 59 of the Rules of Civil Procedure.

(b) An order granting proceedings for a delayed appeal shall be deemed the final judgment for purposes of review. If either party does appeal, the time limits provided in this section shall be computed from the date the clerk of the trial court receives the order of the appellate court determining the appeal.

(c) The judge of the court which sentenced a prisoner who has sought and obtained relief from that sentence by any procedure in a federal court is likewise empowered to grant the relief provided in this section.

Because this Court determined that the post-conviction court failed to follow the proper procedure, this Court reversed and vacated the order granting the delayed appeal and remanded the matter to the post-conviction court with instructions to conduct a full evidentiary hearing on the issues raised by Defendant in the post-conviction petition. *Rogers II*, 2018 WL 6075655, at *4.

In *Rogers II*, this Court instructed the post-conviction court that if it "determines, after conducting the required evidentiary hearing, that Defendant was entitled to a delayed appeal, it should state in its order granting the delayed appeal that the Petitioner is authorized to file a proper motion for new trial, submitting any and all claims of error at his January 2015 trial, within thirty days of entry of its order." *Id.* at *5. This Court also directed the post-conviction court to include in any order granting a delayed appeal that the court is also staying the post-conviction proceedings on any remaining claim or claims, pending final disposition of the delayed appeal. *Id*.

On remand, the post-conviction court entered an order on January 10, 2019. In that order, the post-conviction court determined that "from a previous hearing of the issues and agreement of the parties . . . that the post-conviction petition should be granted" and pursuant to Tennessee Code Annotated section 40-30-113(a)(3) Defendant "should be granted a delayed appeal and opportunity to file a motion for new trial." One month after entry of this order, counsel for Defendant filed a notice that no amendment to the post-conviction petition would be filed. Defendant also filed a motion for new trial on February 11, 2019. In the motion, Defendant argued that the trial court: (1) should have granted a motion for judgment of acquittal; (2) improperly denied Defendant's motion to deny admission of evidence located outside the residence; (3) failed to insure that certified copies of prior convictions were admitted to establish Defendant's sentencing range; and (4) failed to fulfill its role as thirteenth juror.

On April 29, 2019, the post-conviction court held a hearing on motion for new trial. At the hearing, counsel for Defendant explained the issues raised in the motion for new trial after which the following exchange took place:

[Post-conviction Court]: Okay. What did the Court of Criminal Appeals say about this?
[Counsel for Defendant]: Nothing yet.
[Counsel for State]: This is the one where the Notice of Appeal was untimely, so they have not addressed any issues. They only said it's not timely.
[Counsel for Defendant]: And then they sent it back because they wanted a hearing on the new Motion for New Trial which we all overlooked.
[Counsel for State]: He's essentially - - he's going to get a direct appeal now from the original trial.
[Post-conviction Court]: That's what I - - that's what I thought. Okay.
[Counsel for State]: Yes, sir.
[Post-conviction Court]: Okay. Denied.

The post-conviction court, acting as the trial court, entered an order denying the motion for new trial on May 8, 2019. Defendant filed a timely notice of appeal on June 3, 2019. On appeal, Defendant raises the same issues he presented in the motion for new trial filed in February of 2019.

*Analysis*

On remand, the post-conviction court failed to follow the procedure prescribed by this Court in *Rogers II*. As a result, we are constrained to reverse and remand the judgment of the post-conviction court yet again. On remand, we repeat the same instructions given by this Court in *Rogers II*, for the post-conviction court to follow the procedure set forth in Tennessee Code Annotated section 40-30-113 with regard to delayed appeals. Specifically, the post-conviction court must: (1) conduct a full evidentiary hearing on Defendant's post-conviction petition; (2) determine whether Defendant is entitled to a delayed appeal; and (3) if the post-conviction court holds the hearing and determines Defendant is entitled to a delayed appeal, the post-conviction court must enter an order that (a) allows Defendant to file a new motion for new trial and (b) stays the post-conviction proceedings on Defendant's remaining claims until the resolution of the delayed appeal.

To be clear, instruction (1) above requires the post-conviction court to conduct a full evidentiary hearing on the issues raised in Defendant's post-conviction petition. This required hearing, as the Court in *Rogers II* points out, was not conducted then, and unfortunately, remains not conducted in what now is *Rogers III*.

*Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is reversed and remanded.

_____
TIMOTHY L. EASTER, JUDGE